# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RAKETA HOLDEN

## DEFENDANTS
AMERICAN MEDICAL RESPONSE MID-ATLANTIC, INC.

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 3 Federal Question *(U.S. Government Not a Party)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CIVIL RIGHTS:** [X] 442 Employment

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1981, TITLE VII, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/06/2025

SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  6501 Essington Avenue, Philadelphia, Pennsylvania 19153

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**  *Federal Question Cases:*

☐  1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2. FELA
☐  3. Jones Act-Personal Injury
☐  4. Antitrust
☐  5. Wage and Hour Class Action/Collective Action
☐  6. Patent
☐  7. Copyright/Trademark
☒  8. Employment
☐  9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.**  *Diversity Jurisdiction Cases:*

☐  1. Insurance Contract and Other Contracts
☐  2. Airplane Personal Injury
☐  3. Assault, Defamation
☐  4. Marine Personal Injury
☐  5. Motor Vehicle Personal Injury
☐  6. Other Personal Injury (*Please specify*):_____
☐  7. Products Liability
☐  8. All Other Diversity Cases:  *(Please specify)*_____
      _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RAKETA HOLDEN | : | CIVIL ACTION |
| v. | : | |
| AMERICAN MEDICAL RESPONSE MID-ATLANTIC, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)


| 08/06/2025 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAKETA HOLDEN, :<br>    *Plaintiff,* :<br>                         :<br>    v. :<br>                         :<br>AMERICAN MEDICAL RESPONSE :<br>MID-ATLANTIC, INC., :<br>    *Defendant.* :<br>                         : | CIVIL ACTION NO._____ |

**COMPLAINT AND JURY DEMAND**

**I.     PRELIMINARY STATEMENT:**

1.     This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Raketa Holden ("Plaintiff"), a former employee of the Defendant, American Medical Response Mid-Atlantic, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.     This action is brought under 42 U.S.C. §1981 ("§1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* ("PHRA").

**II.     JURISDICTION AND VENUE:**

3.     The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on §1981 and Title VII.

4.     The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action. On May 9, 2025, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

**III.   PARTIES:**

6. Plaintiff, Raketa Holden ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 4435 Loring Street, Philadelphia, Pennsylvania 19136.

7. Defendant, American Medical Response Mid-Atlantic, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business therein at 6501 Essington Avenue, Philadelphia, Pennsylvania 19153.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under §1981, Title VII, and the PHRA, and has been, and is, subject to the provisions of each said Act.

**IV.   STATEMENT OF FACTS:**

10. Plaintiff was employed by the Defendant from on or about September 12, 2022 until December 18, 2023, the date of her termination.

11. Upon commencing employment, Plaintiff held the position of Wheelchair Van Driver. In or around January of 2023, Defendant promoted Plaintiff to the position of Emergency Medical Technician ("EMT").

12. As an EMT, Plaintiff reported directly to Nick Perez ("Perez"), Operations Manager, and John Mahon ("Mahon"), Supervisor.

13. Beginning in or around February of 2023, the Defendant, through its agents, servants, and employees, began subjecting Plaintiff to a hostile work environment through various instances of sexual harassment and discrimination based on her race and her sex.

14. By way of example, Frank (last name unknown) ("Frank"), EMT, repeatedly made unsolicited remarks to Plaintiff about her physical appearance, including commenting that she was pretty and making statements such as, "you look good, damn girl."

15. By way of further example, Frank, who is a Caucasian man, told Plaintiff, who is half Black, that he had never sexually "been with" a Black woman before, and that he wished he could have met her sooner.

16. In rejection of Frank's sexually harassing behavior, Plaintiff repeatedly told him to "mind [his] tongue" and consider the manner in which he spoke to her. Plaintiff made clear to Frank that she was not interested in a romantic or sexual relationship with him.

17. In or around March of 2023, Plaintiff applied to the open position of Operation Direct Supervisor. Said position would have constituted a promotion for Plaintiff and resulted in an increase to her compensation.

18. Shortly after she submitted her application, Plaintiff sent Perez an email inquiring about the position. However, Perez failed to respond to her email.

19. Approximately one week later, Plaintiff called Perez in a further effort to discuss the role. At that time, Perez told Plaintiff that Defendant planned to temporarily pause the hiring process.

20. Shortly thereafter, Kimberly Jones ("Jones"), Supervisor, informed Plaintiff that Defendant had not received any other applications for the open Operation Direct Supervisor position to which Plaintiff had applied.

21. However, in or around early May of 2023, Defendant selected Raymond Sickman ("Sickman"), a less experienced, less qualified, Caucasian man to fill the Operation Direct Supervisor role.

22. Significantly, Sickman possessed only two (2) years of experience as an EMT, whereas Plaintiff possessed eight years of experience as an EMT and had been certified as an EMT since 2007.

23. In or around late March of 2023, Plaintiff disclosed her pregnancy to Perez.

24. Around the same time, Plaintiff made a request with Perez to take time off from work the upcoming weekend because of nausea that she was experiencing related to her pregnancy. Perez approved said request.

25. However, in retaliation for requesting an accommodation for her pregnancy, Defendant suspended Plaintiff's employment for one month without pay, allegedly for failing to properly notify Defendant of her request for time off.

26. As evidence of Defendant's discriminatory and retaliatory motivation for suspending Plaintiff's employment, numerous male EMTs, including Carlos Ortiz ("Ortiz"), routinely made requests for time off with their supervisors without facing any discipline.

4

27. Further, Defendant took no disciplinary action against Frank after he accumulated several unauthorized absences from work.

28. During Plaintiff's suspension, Perez and Angela Wilson ("Wilson"), Supervisor, repeatedly refused to answer Plaintiff's inquiries regarding when she could return to work, thereby causing Plaintiff significant stress regarding her employment status.

29. In or around early May of 2023, Defendant permitted Plaintiff to return to work.

30. Thereafter, in or around late May of 2023, Plaintiff advised Perez of medical restrictions relating to her pregnancy, including her inability to lift heavy items, including patients. Plaintiff requested that Defendant permit her to perform light duty work in compliance with said restrictions as an accommodation for her pregnancy, and sent Defendant documentation from her physician substantiating said request.

31. The following day, Perez notified Plaintiff that she would be required to work during the day instead of her normal night shift if she required light duty work. Significantly, Plaintiff had notified Perez upon her hire of her need to work the night shift to care for her children during the day. In reply, Plaintiff noted that Defendant permitted Jessica Qupo ("Qupo"), Driver, to continue working during the night shift after being placed on light duty.

32. In or around early June of 2023, Plaintiff registered a complaint of sex and race discrimination with Michael Bealiah ("Bealiah"), Operation Direct Supervisor, regarding Defendant's failure to promote her to the Operation Direct Supervisor position. However, Defendant failed to investigate Plaintiff's concerns or take any remedial action.

33. On or about September 12, 2023, Plaintiff commenced maternity leave.

34. On or about November 11, 2023, upon Plaintiff's return to work from maternity leave, she discovered that Defendant had changed her weekly schedule to a "platoon" schedule.

Plaintiff's new schedule reduced her hours from approximately 60 hours per week to approximately 40 hours per week, thereby reducing her compensation.

35. In or around late November of 2023, Plaintiff informed Bealiah, Sickman, and Brian Findley ("Findley"), Operation Direct Supervisor, that Defendant was failing to allow her sufficient time and space to pump breast milk during her work shifts.

36. On or about December 4, 2023, Plaintiff used Defendant's van to return home to pump breast milk while she waited to receive an emergency call. Significantly, Defendant had agreed to allow her to do so, as she had no private place to pump during her work shifts.

37. However, the following day, Defendant suspended Plaintiff's employment without explanation.

38. On or about December 14, 2023, Plaintiff received a call from Mahon and Alison Bartel ("Bartel"), Human Resources Manager. During said call, Bartel chastised Plaintiff for using Defendant's vehicle to return home during her shift. As further discrimination, Bartel criticized Plaintiff's need to pump breast milk, commenting "who do you think you are to pump on company time?" and adding that Defendant did not pay her to pump breast milk. Significantly, Plaintiff only pumped breast milk during her scheduled break times and while she was waiting for emergency calls.

39. Furthermore, Defendant regularly permitted EMTs to return home while waiting for emergency calls without requiring them to seek permission to do so.

40. Thereafter, on or about December 18, 2023, Defendant terminated Plaintiff's employment.

41. Plaintiff believes and avers that Defendant terminated her employment based on her sex, pregnancy, and/or race, and/or in retaliation for opposing unlawful discrimination in the workplace and/or requesting accommodations for her pregnancy.

## COUNT I
### (Title VII - Sex Discrimination, Pregnancy Discrimination, Race Discrimination, Retaliation)
### Plaintiff v. Defendant

42. Plaintiff incorporates by reference paragraphs 1 through 41 of this Complaint as though fully set forth at length herein.

43. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination based on her sex, pregnancy, and race, and in retaliating against her for requesting accommodations for her pregnancy and opposing unlawful discrimination in the workplace, constituted violations of Title VII.

44. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

45. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (42 U.S.C. §1981 - Race Discrimination, Retaliation)
### Plaintiff v. Defendant

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set forth at length herein.

7

47. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination based on her race, and in retaliating against her for opposing unlawful discrimination in the workplace, constituted violations of 42 U.S.C. §1981.

48. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, Plaintiff sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

49. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA - Sex Discrimination, Pregnancy Discrimination, Race Discrimination, Retaliation)
### Plaintiff v. Defendant

50. Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint as though fully set forth at length herein.

51. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination based on her sex, pregnancy, and race, and in retaliating against her for requesting accommodations for her pregnancy and opposing unlawful discrimination in the workplace, constituted violations of the PHRA.

52. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in the termination of her employment, which caused

8

her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

53. As further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

54. Plaintiff incorporates by reference paragraphs 1 through 53 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendant, and order that:

a. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b. Defendant compensate Plaintiff with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

9

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                        THE GOLD LAW FIRM, P.C.

By:   <u>/s/ Sidney L. Gold, Esquire</u>
        SIDNEY L. GOLD, ESQUIRE
        I.D. No.:  21374
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        **Attorney for Plaintiff**

DATED:   August 6, 2025

# VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 08/06/2025

RAKETA HOLDEN, PLAINTIFF